IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

STEPHANIE SMITH,
BARRY GRANVILLE WILEY, III,
LANDEN BLAKE WILEY, and
BROOKLYN NICOLE WILEY,

      Plaintiffs,

v.                                        Case No. 2:09-cv-00948

THE REGION TWO DISTRICT DEPARTMENT OF HEALTH
AND HUMAN RESOURCES, COMMISSIONER,
JAMES KIMBLER et al., CHERYL SALAMACHA et al.,
REBECCA FARMER et al., RUTH WADE et al.,
TONYA WEBB et al., EILEEN BELLE et al.,
CHRISTA KOVACH et al., BRENT LILLY et al.,
JERRY DAVIS et al., JEANNIE CURRY et al.,
VICKIE FIELD et al., along with your selected
temporary placements, STEVE SMITH and ROBIN SMITH,
JIMMY MAYNARD and DARLENE MAYNARD, and also every
Necco worker that was named or worked on behalf of
this case, et al.,

      Defendants.

_____

BARRY GRANVILLE WILEY, JR.,
BARRY GRANVILLE WILEY, III,
LANDEN BLAKE WILEY, and
BROOKLYN NICOLE WILEY,

      Plaintiffs,

v.                                        Case No. 2:09-cv-00949

THE REGION TWO DISTRICT DEPARTMENT OF HEALTH
AND HUMAN RESOURCES, COMMISSIONER,
JAMES KIMBLER et al., CHERYL SALAMACHA et al.,
REBECCA FARMER et al., RUTH WADE et al.,
TONYA WEBB et al., EILEEN BELLE et al.,
CHRISTA KOVACH et al., BRENT LILLY et al.,
JERRY DAVIS et al., JEANNIE CURRY et al.,

**VICKIE FIELD et al., along with your selected temporary placements, STEVE SMITH and ROBIN SMITH, JIMMY MAYNARD and DARLENE MAYNARD, and also every Necco worker that was named or worked on behalf of this case, et al.,**

> **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

These are two related cases that were filed in this Court on August 20, 2009, by the <u>pro se</u> plaintiffs, Stephanie Smith and Barry Granville Wiley, Jr., and their children. In addition to their Complaints/Motions, the plaintiffs also filed Applications to Proceed Without Prepayment of Fees and Costs (docket sheet document # 1 in each case).

These matters are assigned to the Honorable David A. Faber, United States District Judge, and both matters are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFFS' COMPLAINTS/MOTIONS

The plaintiffs have filed two documents that have been docketed in the above-referenced civil actions as "Motions for the Immediate Return of Children" (# 2 in each case), as well as an accompanying "Memorandum of Law" (# 3 in each case). The undersigned will collectively refer to these documents as "the Plaintiffs' Complaints."

Both of the Plaintiffs' Complaints contain the following captions or descriptions:

**FOR THE VIOLATION OF MY DUE PROCESS RIGHTS, MY CHILDRENS DUE PROCESS RIGHTS, DEFAMATION OF CHARACTER, SLANDER, CONTINUOUS INJURY, PLACING MY SON IN IMMENT [SIC; IMMINENT] DANGER WHICH IS DEFINED IN WV CODE CHAPTER 49, AND THE DETAINEMENT UNDER FALSE PRESTENSE [SIC; PRETENSE], AND FILING A CPS CASE IN MORE THAN ONE COUNTY USING THE SAME PETITION AND FOR FAILING TO ALLEGE IMMENT [SIC; IMMINENT] DANGER WHICH IS DEFINED IN THE WV CODE CHAP. 49 ET AL. AND PUNITIVE DAMAGES ET AL. FOR THE IMMEDIATE RETURN OF MY THREE CHILDREN NAMED AS PLAINTIFFS IN THE ABOVE CAPTION CASE**

(# 2 at 1-2 in both cases).

Stephanie Smith's Complaint/Motion document also states in pertinent part:

> DHHR TOOK MY CHILDREN AWAY BECAUSE THEY WAS ACCUSING MY BOYFRIEND/BABY DADDY OF BEING A MURDER AND TOLD ME BY RUDE WADE HER SELF THAT IF I WANTED TO SEE MY SON GROW UP THAT I WOULD GET A AWAY FROM HIM OR HE WOULD PUT ME SIX FEET UNDER.
> THE DEPARTMENT OF HEALTH AND HUMAN RESOURCES TOOK MY CHILDREN STRAIGHT OUT OF THE HOSPITAL, SAYING THAT BARRY WILEY WAS A VIOLENT MAN DO TO THE FACT THAT HE WAS CHARGED WITH MURDER IN 2000 BUT NEVER SAID IN THERE PETITION THAT HE WAS AQUITED FOUND NOT GUILTY BY 12 JURYS OF HIS PEERS AFTER A FULL TRIAL IN 2004
> THE DHHR TOOK MY CHILDREN OUT OF THE HOSPITAL AND PLACED IN THE HOME OF A MAN THAT WAS FOUND GUILTY OF BEATING AND STARVING HIS CHILDREN
>
> THEN CPS TRIED TO COVER UP THEIR TRACKS BUT THEY HAVE HELD MY CHILDREN UNDER THE PRETENSE OF A EMERGENCY FOR OVER 21 MONTHS

3

> I HAVE BEEN FIGHTING IN COURT IN THREE DIFFERENT COUNTY
> IN FRONT OF SEVEN DIFFERENT JUDGES
> THIS STOPS HERE...........................
>
> YOU HAVE WITH HELD THE RIGHTS OF THE NATURAL PARENTS TO
> THE CUSTODY OF HIS OR HER CHILD
> WHICH IS APARAMOUNT A FUNDAMENTAL PERSONAL LIBERTY
> PROTECTED BY THE DUE PROCESS CLAUSES OF THE WV
> CONSTITUTION AND THE UNITED STATES CONSTITUTION

(2:09-cv-00948, # 2 at 2-3). These same allegations are repeated in Mr. Wiley's Complaint. (2:09-cv-00949, # 2 at 2). Both Plaintiffs request the return of their children and money damages in the range of 10 million to 50 million dollars.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a proceeding where a plaintiff seeks to proceed in forma pauperis (without prepayment of fees), the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain 1) a short and plain statement of the

4

grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

*Fed. R. Civ. P.* 8(a).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 562-563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The court must "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. at 555); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

A Complaint must also demonstrate the grounds for the federal court's jurisdiction.  Because the plaintiffs are proceeding pro se, the court is obliged to construe their pleadings liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972).  Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiffs.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  A district court may dismiss a matter at any time if it appears that the court lacks subject matter jurisdiction. See, e.g., Linville v. Price, 572 F. Supp. 345 (S.D. W. Va. 1983).

## ANALYSIS

The plaintiffs' Complaints lack a short and plain statement of the court's jurisdiction.  Furthermore, although the plaintiffs have asserted a denial of their due process rights, which could invoke the court's federal question jurisdiction, it appears that

6

the plaintiffs are actually attempting to appeal from, or re-
litigate, state law matters from the Circuit Courts in West
Virginia.   The plaintiffs' claims fail for several reasons.

     **A.**    **Rooker-Feldman Doctrine.**

     First, this court is without jurisdiction to hear Plaintiffs'
claims under the <u>Rooker-Feldman</u> doctrine.   The Supreme Court made
clear in <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983) and
<u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923), that "federal courts
are divested of jurisdiction 'where entertaining the federal claim
should be the equivalent of an appellate review of the state court
order.'" <u>Friedman's Inc. v. Dunlap</u>, 290 F.3d 191, 196-98 (4th Cir.
2002)(quoting <u>Jordahl v. Democratic Party of Va.</u>, 122 F.3d 192, 202
(4th Cir. 1997)); <u>Plyler v. Moore</u>, 129 F.3d 728, 733 (4th Cir.
1997)(<u>Rooker-Feldman</u> applies when the federal action "essentially
amounts to nothing more than an attempt to seek review of [the
state court's] decision by a lower federal court").   More recently,
the Supreme Court reiterated that the <u>Rooker-Feldman</u> doctrine
applies to "cases brought by state-court losers complaining of
injuries caused by state-court judgments rendered before the
district court proceedings commenced and inviting district court
review and rejection of those judgments."   <u>Exxon Mobil Corp. v.
Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005).

     The undersigned proposes that the presiding District Judge
**FIND** that the plaintiffs are challenging one or more state court

orders denying them custody of their children, and that this court's review of those decisions amounts to an appeal therefrom, and is barred by the Rooker-Feldman doctrine.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the plaintiffs' Complaints for lack of jurisdiction under the Rooker-Feldman doctrine.

    B.   **Younger Abstention.**

    Furthermore, in the instant case, the District Court should abstain from exercising subject matter jurisdiction over the plaintiffs' claims under the "Younger-abstention doctrine," as defined in Younger v. Harris, 401 U.S. 37 (1971).  "Under [the] Younger-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38 (1984).

    The Fourth Circuit has instituted a three-part test for determining when Younger abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

Matters concerning child custody and family law are generally on-going proceedings and the welfare of children is certainly an important state interest.  It would appear to this court that the matters in controversy herein may still be on-going, and that the plaintiffs would have adequate opportunity to present their due process claims in the state court proceedings.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge abstain from exercising jurisdiction over Plaintiffs' due process claims and dismiss Plaintiffs' Complaints for lack of jurisdiction.

### C.    Eleventh Amendment Immunity.

The plaintiffs' Complaints name defendants who are employees of the State of West Virginia or its agencies.  The plaintiffs have not specified whether they are suing these defendants in their individual or official capacities.  However, to the extent that these defendants are named in their official capacities, claims for damages against them are barred by the Eleventh Amendment to the United States Constitution, which provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const., Amend. XI.[1]  It is clear that,

---

[1]  Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well.  <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-663 (1974).  Such is the case here.

regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99, 101 (1984).  A state can only waive its sovereign immunity by unequivocal expressions or actions.  Id. at 99; see also Edelman v. Jordan, 415 U.S. 651, 673 (1921).  Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power.  Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996).

The plaintiffs have not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and the plaintiffs have failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the State of West Virginia and the defendants in their official capacity are immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

### D.  Domestic Relations Exception.

Even if the Plaintiffs could overcome the Eleventh Amendment bar to these lawsuits, the "domestic relations exception" to federal jurisdiction, as defined in Barber v. Barber, 62 U.S. 582

(1858), and <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992) applies to their claims.   (<u>Id.</u> at 3-4).   In <u>Ankenbrandt</u>, the Supreme Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since <u>Barber</u>, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

Plaintiff seeks, as part of their relief, an order returning custody of their children to them, which is exactly the type of claim intended to be barred under the domestic relations exception. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the claims in Plaintiffs' Complaints fall within the domestic relations exception to federal jurisdiction and, thus, this court lacks jurisdiction to consider Plaintiffs' claims.

### E.   Absolute Immunity.

On August 31, 2009, both plaintiffs filed a "Motion to Add Defendants for Civil Rights Violation" (# 6).  The undersigned has granted the Motion to Add Defendants in an Order entered this same date (# 8). The additional defendants are judges of the Circuit Courts and prosecuting attorneys involved in the plaintiffs' state court proceedings.   All of these individuals are entitled to absolute immunity from suits for damages.

Judicial immunity is a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in exercise of their judicial functions.  Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099 (1978).  The primary policy that supports judicial immunity is also well-established.  As early as 1872, the Supreme Court recognized that it is:

> [A] general principle of the highest
> importance to the proper administration of
> justice that a judicial officer, in exercising
> the authority vested in him, [should] be free
> to act upon his own convictions, without
> apprehension of personal consequences to
> himself.

Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646 (1872).

The scope of judicial immunity is interpreted broadly.  In Bradley, the Supreme Court held: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or

corruptly." <u>Bradley</u>, 13 Wall. at 351.

The only exceptions to absolute judicial immunity are for non-judicial acts, or where the act is done in complete absence of jurisdiction. <u>Stump</u>, 435 U.S. at 360; <u>Bradley</u>, 13 Wall. at 351. (<u>Id.</u>) Even if the judge acted in error, he or she is still immune. See <u>Stump</u>, 435 U.S. at 356. "By the same token, the [Supreme] Court has stated that a judicial act 'does not become less judicial by virtue of an allegation of malice or corruption.'" <u>Forester v. White</u>, 484 U.S. 219, 227 (1988).

The Plaintiffs' Motions to Add Defendants state that "these judges" made the temporary custody decision complained of in their Complaints. Thus, those decisions were "judicial functions." Accordingly, the undersigned proposes that the presiding District Judge **FIND** that defendants Thornsbury, Hoke, Harwood, Perry, and Thompson are entitled to absolute immunity from suit and, therefore, Plaintiffs' claims against them must be dismissed.

Prosecuting attorneys are also entitled to absolute immunity for actions taken in their role as a prosecuting attorney. In <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427 (1976), the Supreme Court held that a state prosecutor is entitled to the same absolute immunity under § 1983 that such prosecutor enjoys at common law. The common law immunity of a prosecutor is based upon the same considerations that underlie the common law immunities of judges and grand jurors acting within the scope of their duties. <u>Imbler</u>,

13

424 U.S. at 422-23.  The Supreme Court fully recognizes that "this immunity [may leave] the genuinely wronged defendant without civil redress . . . [however] the alternative of qualifying a prosecutor's immunity would defeat the broader public interest.  It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the criminal justice system." Imbler, 424 U.S. at 427.  Thus, the Supreme Court underscored its previous reasoning that it is "better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." Imbler, 424 U.S. at 428.

While not every action by a prosecuting attorney is shielded by absolute immunity, the Supreme Court has applied absolute immunity to "quasi-judicial" functions of a prosecutor.  In Imbler, and again in Burns v. Reed, 500 U.S. 478, 486 (1991), the Supreme Court described "quasi-judicial functions" as being "intimately associated with the judicial phase of the criminal process."

In Kulwicki v. Dawson, 969 F.2d 1454, 1463 ((3d Cir. 1992), the court described "quasi-judicial" actions as those taken while in court, or out of court actions that are "intimately associated with the judicial phases" of litigation.  The Kulwicki court noted that the "[i]mmunity extends to 'the preparation necessary to present a case,' and this includes the 'obtaining, reviewing, and evaluation of evidence.'" (quoting from Scrob v. Catterson, 948

14

F.2d 1402, 1406-07 (3d Cir. 1991), which cited <u>Imbler</u>, 424 U.S. at 431 n.33).

The Plaintiffs' Motion to Add Defendants does not make any specific allegations against the prosecuting attorneys named therein. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Plaintiffs' Complaints, as amended, fail to state a claim upon which relief can be granted against defendants Maynard, Ammick and Stevens.

**F.   Plaintiffs' Petition for a Writ of Habeas Corpus.**

On September 9, 2009, the Plaintiffs filed a document entitled "Emergency Writ of Habeas Corpus" (# 7), in which they claim that their "children are prisoners of the state and unable to defend for there self, with there due process rights violated, and are held against there will and there parents will." (<u>Id.</u> at 1). Based upon this assertion, Plaintiffs seek a writ of habeas corpus under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254 for the release their children. The remainder of the document largely repeats allegations made in the Plaintiffs' Motions for Immediate Return of Children (Plaintiffs' Complaints) discussed above.

No matter how the Plaintiffs structure their claims for relief, the result is the same. The attempted use of a petition for a writ of habeas corpus to regain custody of their children is inapposite in this case and does not alter the fact that this court lacks jurisdiction to consider Plaintiffs' claims concerning child

custody decisions made in the state courts. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Plaintiffs' Petitions for a Writ of Habeas Corpus fail to state a claim upon which relief can be granted.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS,** with prejudice**,** the plaintiffs' Complaints (# 2 in each case) under 28 U.S.C. § 1915(e)(2)(B), **DENY** the Plaintiffs' Petitions for a Writ of Habeas Corpus (# 7 in each case), and **DENY** Plaintiffs' Applications to Proceed Without Prepayment of Fees (# 1 in each case).

The plaintiffs are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

16

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Faber and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiffs.

| | |
|---|---|
| September 10, 2009 | Mary E. Stanley |
| Date | Mary E. Stanley |
| | United States Magistrate Judge |

17