# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**BARRY GRANVILLE WILEY, JR., et al.,**

      **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO. 2:09-00949**

**THE REGION TWO DISTRICT DEPARTMENT
OF HEALTH AND HUMAN RESOURCES,
COMMISSIONER, JAMES KIMBLER, et al.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is are plaintiffs' Complaint/Motion for the Immediate Return of Children (Doc. No. 2), Application to Proceed Without Prepayment of Fees and Costs (Doc. No. 1), and Petition for Emergency Writ of Habeas Corpus (Doc. No. 7). By Standing Order, this matter was referred to United States Magistrate Judge Mary E. Stanley on August 24, 2009. (Doc. No. 5.) Pursuant to 28 U.S.C. § 636, the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R") on September 10, 2009, recommending that this court dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and deny the Petition for Writ of Habeas Corpus and the Application to Proceed Without Prepayment of Fees and Costs. (Doc. No. 9 at 16.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's PF & R. Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a *de novo* review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff Barry Granville Wiley, Jr., submitted his objections on September 24, 2009.  (Doc. No. 10.)  In his objections, plaintiff restates his previous arguments relating to his child custody case and quotes extensively from the United States Constitution.  He also argues that his inability to obtain relief in the State court system is evidenced by the West Virginia Supreme Court's appointment to his custody case of the same judge who presided over his trial for murder – a charge on which he was acquitted.  Although he refers to the alternative doctrines upon which the magistrate judge recommended dismissal, he does so only in a conclusory fashion, and does not address the actual grounds explained by the magistrate judge: that plaintiff

is challenging one or more state court orders denying him custody of his children, and that this court's review of those decisions amounts to an appeal therefrom, and is barred by the Rooker-Feldman doctrine (Doc. No. 9 at 7-8); that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), dictates that the court abstain from hearing plaintiff's case (id. 8-9); that plaintiff's claims against employees of the State of West Virginia or its agencies are barred by Eleventh Amendment immunity (id. at 9-10); that the "domestic relations exception" to federal jurisdiction, as defined in Barber v. Barber, 62 U.S. 582 (1858), and Ankenbrandt v. Richards, 504 U.S. 689 (1992), applies to plaintiff's claims (id. at 10-11); that the defendants who are judges and prosecuting attorneys are entitled to absolute immunity from plaintiff's claims (id. at 12-15); and that plaintiff's petition for an emergency writ of habeas corpus is an improper attempt to reframe his case, and does not provide the court with jurisdiction it otherwise would lack (id. at 15-16). His objections are therefore irrelevant and unresponsive to the reasoning contained in the PF & R, and must be overruled on that ground, as they do not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47.

Having reviewed the Proposed Findings and Recommendation filed by Magistrate Judge Stanley, the court (1) **CONFIRMS AND**

**ACCEPTS** the magistrate judge's findings (Doc. No. 9);

(2) **OVERRULES** the objections thereto (Doc. No. 10); (3) **DISMISSES**

plaintiffs' Complaint (Doc. No. 2) **WITH PREJUDICE**; and (4) **DENIES**

both the application (Doc. No. 1) and the petition (Doc. No. 7).

The Clerk is directed to remove this action from the active

docket of this court.  The Clerk is further directed to forward a

certified copy of this Memorandum Opinion and Order to all

counsel of record and any unrepresented party.

It is **SO ORDERED** this 10th day of December, 2009.

ENTER:

David A. Faber
Senior United States District Judge

-4-